| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| JOHN WHITMIRE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:13-CV-556 |
| | § | |
| DIRECTOR, TDCJ-ID, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

John Whitmire, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The magistrate judge recommends the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of petitioner's objections in relation to the pleadings and the applicable law. After careful consideration, the court concludes the objections are without merit. As the record demonstrates that petitioner was aware of the nature of the

charge against him and the consequences of pleading guilty, the magistrate judge correctly concluded petitioner's plea of guilty was voluntary. Further, in light of the record before the state habeas courts, the magistrate judge correctly concluded that the finding of the state courts that petitioner's counsel did not incorrectly advise him he would be eligible for release on parole after serving half of his sentence was not an unreasonable determination of the facts. Finally, the court agrees *Strickland v. Washington*, 466 U.S. 668 (1984), provides the correct standard for consideration of petitioner's claims of ineffective assistance of counsel and that petitioner has failed to establish counsel's performance was deficient.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved

in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 19th day of August, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE